No. 28,021.

RICHARD PEARSON, *Appellant*, v. C. H. SCHELLER et al., *Defendants;*
H. M. CROSBY, *Appellee.*

(266 Pac. 44.)

SYLLABUS BY THE COURT.

1. JUSTICES OF THE PEACE — *Appeal — Effect of Waiver of Jury and Hearing
Before Referee.* In an appeal from a judgment of a justice of the peace
in an action in replevin, an agreement of the litigants, with the approval of
the district court, to waive a jury and try the cause before a referee as an
accounting, did not change the nature of the action.

2. SAME—*Liability of Surety on Appeal Bond—Change in Nature or Form of
Action.* Under the facts stated in the opinion the defense of a surety on an
appeal bond that the nature of the action was changed in the district court,
thereby discharging his conditional obligation to pay the judgment, con-
sidered, and not sustained.

Appeal from Cheyenne district court; EDWARD E. KITE, judge. Opinion filed
April 7, 1928. Reversed.

*J. L. Finley,* of St. Francis, for the appellant.

*Leigh D. Dowling,* of St. Francis, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action against the surety of a bond
given to prosecute an appeal from a judgment of a justice of the
peace.

The facts were these: Plaintiff held a chattel mortgage on a
team of horses, two sows and certain shoats to secure the payment
of an interest-bearing promissory note for $180 executed to him by
the defendant C. H. Scheller. Plaintiff brought replevin before a
justice of the peace to obtain possession of these chattels. Defend-
ant filed a bill of particulars, in which he admitted the execution
of the chattel mortgage but alleged the debt had been fully paid;
that plaintiff was indebted to defendant on certain specified items
for pasturing stock, labor, board, etc., aggregating $569.50, and that
plaintiff was entitled to credit thereon on account of defendant's
note of $180 and $10.50 as interest thereon, and also on account of
some thirty-one items of varying small sums, all of which were
set out in detail, with the alleged result that plaintiff was indebted
to defendant for a balance of account in the sum of $240.45.

Justices of the Peace, 35 C. J. pp. 890 n. 4, 894 n. 69.

In a jury trial before the justice of the peace a verdict was rendered in favor of plaintiff for the return of all the mortgaged property, and the value of plaintiff's interest thereon was found to be $190.50. Judgment was entered accordingly.

Defendant Scheller filed a general appeal bond, which recited his intention to appeal from the judgment, and bound the obligors, including the present appellee, H. M. Crosby, in the sum of $450 that defendant would—

"Prosecute his appeal to effect, and without unnecessary delay, and satisfy such judgment and costs as may be rendered against him."

By leave of the district court defendant amended his bill of particulars, expanding and enlarging its details of debits and credits, but not otherwise changing its general tenor. Plaintiff, also, by leave of court filed an amendment to his bill of particulars setting out certain items of credit due him which did not appear in defendant's amended bill of particulars.

When the cause came on for trial, the parties appeared and the judgment roll recites:

"The court examines the pleadings and finds that the issues are fully made up in this cause, and sets down said cause for immediate trial; whereupon the court proceeds to impanel a jury to try said cause, and six jurors are found, duly qualified and passed by both plaintiff and defendant, and both parties agree to try said cause to said six jurors; whereupon, upon consultation between parties to said cause and their respective attorneys, it is agreed by said parties to submit said cause to Honorable C. A. P. Falconer, as referee, and that the same be heard by said referee as an accounting; whereupon, the court being duly advised in said cause, does appoint Honorable C. A. P. Falconer, of Atwood, Kan., as referee to try said cause according to said agreement to said parties as an accounting, and said referee is ordered to make a report of his finding of facts and conclusions of law."

Accordingly the cause was tried before the referee, who made findings of fact and conclusions of law favorable to plaintiff—that plaintiff had a valid mortgage lien on all the chattels specified in the mortgage, that all such chattels should be delivered at once to plaintiff, and that the sum due and owing plaintiff secured by such chattel mortgage was $265.75.

In conformity therewith, the trial court gave judgment in plaintiff's behalf for the immediate possession of the mortgaged chattels—one team of horses valued at $85, two sows valued at $60, and fourteen shoats valued at $55, and—

"The court further finds from the report of the referee that there is due on the note and mortgage sued on herein, and on the accounts sued on and

adjudicated in this action, as mutual accounts between said parties, of a balance due from said defendant to said plaintiff in the sum of $265.75."

No payment or other satisfaction was rendered on this judgment, and the present action was begun on the appeal bond. Plaintiff's petition alleged all the pertinent facts. Defendant Crosby, surety on the appeal bond, answered that the bond he signed was given in a replevin action, but on appeal—

"Without the consent of the answering defendant said replevin action was by the said Richard Pearson and said Harold Scheller mutually abandoned, and that said action was changed to a suit on accounting on the mutual accounts between said parties, and that then and thereby and by so doing the said plaintiff in said action, being the same as the plaintiff in the present action, released this answering defendant from any and all liability on said bond."

The cause was tried on such evidence as the parties adduced, consisting chiefly of the files pertaining to the litigation before the justice of the peace and the district court as set out above. The litigants were both on the witness stand, but their testimony contributed nothing of value on either side of the controversy.

Plaintiff demurred to defendant's evidence, and his motion for an instructed verdict was overruled. A jury returned a general verdict and special findings in favor of defendant, and judgment was entered accordingly.

Plaintiff brings the case here for review with the usual assignment of errors, only one point of which will need consideration.

It will be noted that the action before the justice of the peace was in replevin—for the possession of mortgaged chattels or their value and for an ascertainment of the indebtedness due plaintiff from defendant. The defense was that plaintiff owed defendant for so many items of account that his indebtedness to plaintiff was extinguished and that a balance of account was due him from plaintiff.

On appeal, the nature of the action was not changed in any material respect. It still remained an action in replevin, for the possession of mortgaged chattels or for their value, and for the ascertainment of the indebtedness due plaintiff from defendant. The defense remained the same. The pleadings remained substantially the same, although they were amended in the interest of accuracy of the items of account. And certainly the agreement to waive a jury and have the cause tried by a referee did not alter the essential nature of the case. If it had been tried by the court without a

jury, or upon an agreed case, or by arbitration and award, the mode of trial would have been different, but the nature of the action would have remained the same. And so the agreement that the appealed case should be heard by a referee as an accounting changed the mode of trial but not the nature of the action. This ought to be manifest by a consideration of the referee's report and the judgment rendered thereon—possession of mortgaged chattels awarded to plaintiff, or their value, and judgment for the amount due plaintiff.

The defense pleaded by Crosby, the surety on the appeal bond, was essentially a question of law, or a mixed question of law and fact where the element of fact was exclusively determinable from the documents and files pertaining to the trial before the justice of the peace and the trial of the appealed case before the district court, and should have been decided as such. There was no issue of disputed fact for a jury to decide upon conflicting evidence, and plaintiff was entitled to an instructed verdict.

The judgment is reversed, with instructions to enter judgment for plaintiff.